UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW SMITH, ET AL.,

    Plaintiffs,                   No. 10-11490

v.                                District Judge Victoria A. Roberts
                                 Magistrate Judge R. Steven Whalen

COMPUTERTRAINING.COM, INC.,
ET AL.,

    Defendants.
_____/

**OPINION AND ORDER**

For the reasons discussed below, Plaintiffs' Motion to Overrule Garnishee Continental Casualty Company's Objections to Subpoena for Production of Documents and to Compel Production Thereof [Doc. #182] is GRANTED, under the terms set forth below.

**I.    BACKGROUND**

This case originated as a class action seeking damages on behalf of Plaintiffs who enrolled in computer training programs offered by the Defendants. The complaint alleged that after collecting "millions of dollars in tuition from Plaintiffs," the Defendant schools abruptly closed in December of 2009, leaving the Plaintiffs high and dry. The Plaintiffs brought claims of negligence (Count I), breach of fiduciary duty (Count II), negligent misrepresentation (Count III), innocent misrepresentation (Count IV), promissory estoppel (Count V), unjust enrichment/breach of quasi-contract (Count VI), equitable estoppel (Count VII), breach of contract (Count VIII), fraud (Count IX), civil conspiracy (Count X), and concert of action (Count XI). *See Third Amended Class Action Complaint*

[Doc. #53].  On April 15, 2011, the Clerk of the Court entered defaults as to Defendant schools, and on November 22, 2011, the Court granted Plaintiffs motion for default judgment, determining the total tuition portion of the judgment to be $113,947,255.00,excluding interest [Doc. #154].

During the post-judgment proceedings, Plaintiffs learned that Continental Casualty Company ("CCC") provided a general liability policy to the ComputerTraining.com Defendants. Plaintiffs then served writs of garnishment and document subpoenas on CCC, which objected to the document requests.

In their subpoena, the Plaintiffs requested production of 26 categories of documents, including policies, notices, correspondence, reports, and other material, all related to the ComputerTraining.com Defendants and/or the present lawsuit, the complaint, and notices of the lawsuit.  The Plaintiffs also requested files on the Defendants as to claims and matters other than this lawsuit. CCC's objections included general, boilerplate language based on attorney-client and work product privilege, as well as claims of confidentiality.  CCC did not, however, provide a privilege log.

CCC did, however, agree to produce the primary polices. However, its overriding response as to material pertaining to this lawsuit was as follows: "CCC will affirmatively state that its investigation is continuing but at this time it appears that this Subpoena, the Writ for Garnishment and corresponding Verified Statement and Complaint in support thereof were CCC's first notice of this matter."

In its response [Doc. #185], counsel for CCC cites the following correspondence sent to Plaintiffs' counsel in an attempt to resolve this motion:

> "Regarding our conversation of December 18, 2013, please be advised that Continental Casualty has no objection, and will produce, certified copies of the polices at issue.  As discussed, Continental Casualty's first notice of the underlying action came by way of service of the Writ of Garnishment.

> Therefore, Continental Casualty does not have a claim file and there are no documents responsive to your subpoena with regard to any claim files or communications with reinsurers, etc.
>
> "The only other documents relating, in any way, to the subject policies are invoices regarding premium payments. While it seems that the invoices are not germane to any fact at issue, Continental Casualty is willing to produce those documents. Payment of premium is not being contested and is not an issue in this case.
>
> "In order to avoid what will clearly amount to a vigorously contested coverage case, we propose that Continental Casualty produce a corporate designee for deposition limited to the notice issue, only. In the event that an issue arises as to whether or not Continental Casualty was placed on notice, CNA will agree to produce the corporate designee for other matters in the future. It seems, however, that the notice issue alone will be sufficient to deny coverage and, that being the case, may afford both our respective clients considerable time and expense with regard to this matter."

At the Court's direction, counsel for Plaintiffs and for CCC met at least twice, on January 21, 2014 and February 10, 2014, to discuss resolution of this motion, and counsel filed supplemental pleading following those meetings [Doc. #195, #197, #200].

On February 21, 2014, CCC filed a proposed order resolving the outstanding discovery issues [Doc. #200, Exhibit A]. On February 24, 2014, Plaintiffs filed an acquiescence in that order, "save for a few minor stylistic, non-substantive changes," and agreed to entry of that proposed order [Doc. #201]. However, Plaintiff detailed the following unresolved issues: (1) the form of a protective order; (2) the necessity for a CCC privilege log; and (3) the production of claims file materials for the Defendants' claims not related to the present lawsuit.[1]

## II.   LEGAL PRINCIPLES

It is well established that "the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993); *Chrysler Corp. v.*

---

[1] That order has been docketed separately.

*Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).  In exercising its discretion, the court should first consider Fed.R.Civ.P. 26(b)(1), which states, in pertinent part:

> "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action...All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." (Emphasis added).

The same principles apply when discovery is sought from a non-party under Rule 45.  "A subpoena issued under Rule 45 is 'subject to the general relevancy standard applicable to discovery under [Rule 26(b)(1) ].'" *Vamplew v. Wayne State University Bd. of Governors*, 2013 WL 3188879, *2 (E.D.Mich. 2013)(Cohn, J.)(quoting *Syposs v. U.S.A.,* 181 F.R.D. 224, 226 (W.D.N.Y.1998)).

### III.   DISCUSSION
#### A.   Protective Order

On January 21, 2011, this Court entered a general protective order governing confidential material [Doc. #44]. CCC has proposed a more detailed confidentiality order. *See* Doc. #203, Exhibit 1. One of CCC's concerns appears to be a desire to include language addressing the confidentiality of transcripts. Plaintiffs believe that the existing protective order is sufficient.

The Court's January 21, 2011 protective order is specifically directed at financial information, personal identifying information, "or trade secrets or other confidential information." While phrased in general terms, it would clearly allow CCC to assert confidentiality as to transcripts, deposition testimony, or other material that would be deemed financial or trade secret information. The existing order is both comprehensive and elegant in its simplicity, and I see no reason to substitute CCC's more densely worded alternative.

### B. Privilege Log

Fed.R.Civ.P. 26(b)(5)(A) requires the filing of a privilege log as follows:

"**(5)** *Claiming Privilege or Protecting Trial-Preparation Materials.*

**(A)** *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

"A privilege log must contain the basis for withholding discovery of the document and sufficient detail beyond conclusory allegations to demonstrate the fulfillment of the legal requirements for application of the privilege." *Hi-Lex Controls Inc. v. Blue Cross and Blue Shield of Michigan*, 2013 WL 1303622, *3 (E.D.Mich. 2013)(Roberts, J.).

CCC must therefore provide a sufficiently detailed privilege log as to any documents as to which it claims privilege.

### C. Defendants' Files as to Other Matters

Plaintiffs seek documents in CCC's possession relating to the ComputerTraining.com Defendants, regardless of whether those documents involve the present lawsuit or other claims or transactions. That request is fairly within the broad scope of Fed.R.Civ.P. 26. "'The Federal Rules of Civil Procedure authorize extremely broad discovery.'" *MedCity Rehabilitation Services, LLC v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 4029051, *2 (E.D.Mich.. 2013)(Drain, J.)(quoting *Guinn v. Mount Carmel Health Systems,* 2010 WL 2927254, *3 (S.D.Ohio 2010). The Plaintiffs have a judgment against the ComputerTraining.com Defendants in excess of $113,000,000. CCC insured those

Defendants, who may or may not be collectible themselves. While the requested information as to claims or documents not directly involving this lawsuit may or may not be directly relevant, it is at least likely to lead to the discovery of relevant and admissible evidence, including the financial status of the Defendants.  CCC's objections as to this material are overruled, and the requested documents shall be produced.

## IV.

For these reasons and under these terms, Plaintiffs' Motion to Overrule Garnishee Continental Casualty Company's Objections to Subpoena for Production of Documents and to Compel Production Thereof [Doc. #182] is GRANTED.

IT IS SO ORDERED.

                                              s/R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

Dated: August 27, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 27, 2014, electronically and/or by U.S. mail.

                                              s/Carolyn M. Ciesla
                                              Case Manager to the
                                              Honorable R. Steven Whalen