UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW SMITH, ET AL.,

       Plaintiffs,                              No. 10-11490

v.                                             District Judge Victoria A. Roberts
                                                   Magistrate Judge R. Steven Whalen

COMPUTERTRAINING.COM, INC.,
ET AL.,

       Defendants.
_____/

**OPINION AND ORDER**

For the reasons discussed below, Plaintiffs' Motion to Overrule Garnishee Hartford Casualty Insurance Company's Objections to Subpoena for Production of Documents and to Compel Production Thereof [Doc. #202] is GRANTED, under the terms set forth below.

      **I.    BACKGROUND**

This case originated as a class action seeking damages on behalf of Plaintiffs who enrolled in computer training programs offered by the Defendants. The complaint alleged that after collecting "millions of dollars in tuition from Plaintiffs," the Defendant schools abruptly closed in December of 2009, leaving the Plaintiffs high and dry. The Plaintiffs brought claims of negligence (Count I), breach of fiduciary duty (Count II), negligent

misrepresentation (Count III), innocent misrepresentation (Count IV), promissory estoppel (Count V), unjust enrichment/breach of quasi-contract (Count VI), equitable estoppel (Count VII), breach of contract (Count VIII), fraud (Count IX), civil conspiracy (Count X), and concert of action (Count XI). *See Third Amended Class Action Complaint* [Doc. #53]. On April 15, 2011, the Clerk of the Court entered defaults as to Defendant schools, and on November 22, 2011, the Court granted Plaintiffs motion for default judgment, determining the total tuition portion of the judgment to be $113,947,255.00,excluding interest [Doc. #154].

During the post-judgment proceedings, Plaintiffs learned that certain insurance companies, including Hartford Casualty Insurance Company ("Hartford")[1], provided a general liability policy to the ComputerTraining.com Defendants. Plaintiffs then served writs of garnishment and document subpoenas on Hartford, which objected to the document requests.

In their subpoena, the Plaintiffs requested production of 26 categories of documents, including policies, notices, correspondence, reports, and other material, all related to the ComputerTraining.com Defendants and/or the present lawsuit, the complaint, and notices of the lawsuit. The Plaintiffs also requested files on the

---

[1] The four insurance companies that received subpoenas were Hartford, the Continental Casualty Company, the Houston Casualty Company, and Insurance Incorporated. In terms of the documents that Plaintiffs requested, the subpoenas are substantially identical.

Defendants as to claims and matters other than this lawsuit. Hartford objected to all categories.

On August 27, 2014, the Court entered an order granting Plaintiffs' motion to overrule Continental Casualty Company's ("CCC's") objections to its subpoena [Doc. #210], as well as a stipulated order resolving a number of discovery issues between Plaintiffs and CCC [Doc. #209].

## II.   LEGAL PRINCIPLES

It is well established that "the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). In exercising its discretion, the court should first consider Fed.R.Civ.P. 26(b)(1), which states, in pertinent part:

> "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action...All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." (Emphasis added).

The same principles apply when discovery is sought from a non-party under Rule 45. "A subpoena issued under Rule 45 is 'subject to the general relevancy standard applicable to discovery under [Rule 26(b)(1) ].'" *Vamplew v. Wayne State University Bd. of Governors*, 2013 WL 3188879, *2 (E.D.Mich. 2013)(Cohn, J.)(quoting *Syposs v. U.S.A.,* 181 F.R.D. 224, 226 (W.D.N.Y.1998)).

### III. DISCUSSION

The bulk of Harford's objections are based on relevance. In its response to this motion [Doc. #203], Hartford asserts that "[t]here is absolutely no possible nexus between Plaintiffs' claim for coverage and the Hartford policies at issue," arguing that "the last of the Hartford policies expired October 2006, more than three years prior to the time any party could have possibly suffered any loss of tuition or other economic injury." *Id*. at 1. Hartford also states that the subpoena at issue was the first notice it received of the underlying action and default judgment against Defendants. *Id*. Notwithstanding its objections, Hartford agrees to produce the Computertraining.com policies, subject to a protective order.

While the Plaintiffs' Reply Brief [Doc. #204] compares Hartford's resistance to discovery to both Watergate and the Battle of Thermopylae, it does offer the following less hyperbolic reply to Hartford's claim that the subpoena was its first notice of this matter:

> "If the first notice of the claims were this subpoena, then, no problem, there will be no documents that exist and the procedure worked out with the other insurers to furnish Affidavits followed by Depositions to sort out and to test such nonexistence would be the easiest way to resolve the matter." *Id*. at 6.

I agree. While Hartford is not bound by my previous orders resolving the discovery dispute between Plaintiffs and CCC, those orders provide a reasonable template for efficiently and fairly governing the disclosure of relevant insurance information. If policies, loss run information, reinsurance documents, or other information as to

Computertraining.com exists, Plaintiffs are entitled to disclosure. As I stated in a previous order [Doc. #210]:

> "The Plaintiffs have a judgment against the ComputerTraining.com Defendants in excess of $113,000,000. CCC insured those Defendants, who may or may not be collectible themselves. While the requested information as to claims or documents not directly involving this lawsuit may or may not be directly relevant, it is at least likely to lead to the discovery of relevant and admissible evidence, including the financial status of the Defendants. CCC's objections as to this material are overruled, and the requested documents shall be produced."

Accordingly, Plaintiff's motion will be granted under the following terms.

### A.   Protective Order

Hartford has agreed to produce its insurance polices issued to the Computertraining.com Defendants, but only if a protective order is in place. In my Opinion and Order as to CCC' objections [Doc. #210], I stated:

> "The Court's January 21, 2011 protective order is specifically directed at financial information, personal identifying information, 'or trade secrets or other confidential information.' While phrased in general terms, it would clearly allow CCC to assert confidentiality as to transcripts, deposition testimony, or other material that would be deemed financial or trade secret information. The existing order is both comprehensive and elegant in its simplicity, and I see no reason to substitute CCC's more densely worded alternative."

Likewise, I find here that the Court's January 21, 2011 protective order sufficiently protects Hartford's confidentiality interests. Hartford will therefore produce the policies, subject to that protective order.

## B. Privilege Log

Fed.R.Civ.P. 26(b)(5)(A) requires the filing of a privilege log as follows:

"**(5) *Claiming Privilege or Protecting Trial-Preparation Materials.*
(A)** *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

"A privilege log must contain the basis for withholding discovery of the document and sufficient detail beyond conclusory allegations to demonstrate the fulfillment of the legal requirements for application of the privilege." *Hi-Lex Controls Inc. v. Blue Cross and Blue Shield of Michigan*, 2013 WL 1303622, *3 (E.D.Mich. 2013)(Roberts, J.).

Hartford must therefore provide a sufficiently detailed privilege log as to any documents as to which it claims privilege.

## C. Other Document Requests

Consistent with the order entered on August 27, 2014 with regard to CCC [Doc. #209], Hartford will comply with the following procedure:

1. In addition to producing all Computertraining.com policies, Hartford shall, within 30 days of the date of this Order, produce an affidavit under oath, signed and sworn to by a Corporate Representative designated by Hartford, as to the completeness,

scope, breadth, and extent of Hartford and its employees and agents in its and their search efforts for all policy and endorsement materials.

2.  If deemed further necessary by counsel for Plaintiffs, Hartford shall, within 45 days of the date of this Order, designate a Corporate Representative to testify on sworn deposition as to the accuracy, completeness, and availability or unavailability of and documents found and produced (including loss run documents and underwriters' files) or documents not produced or not located so as to examine the accuracy and completeness of all the searches performed by Hartford in the production of these subpoenaed documents, as well as to confirm the unavailability of all documents not produced.

3.  Within 90 days after the entry of this Order, the person(s) designated by Hartford to testify, if requested by Plaintiffs, shall be deposed under oath as to these matters as to the breadth and scope of all searches and the results thereof as to the availability or unavailability of subpoenaed documents found, produced, or, if not produced, those which remain unavailable or incapable of being located.  However, there shall be no deposition testimony as to matters of insurance coverage or substantive policy liabilities of Hartford as insurer under these policies by this witness or witnesses.

4.  Hartford shall produce any existent underwriting files and loss run documents that have been retrieved through Hartford's search for documents responding to Plaintiff's subpoena requests A to Z, under the Court's January 21, 2011 protective order [Doc. #44].

5. Within 30 days of the date of this Order, Hartford shall produce all requested information as to any reinsurance policies with respect to Computertraining.com. If Hartford did not contract for or otherwise purchase or obtain such reinsurance policies, Hartford shall, within 30 days of the date of this Order, furnish an affidavit by a Corporate Representative designated by Hartford as to whether such reinsurance documents do not exist. Such corporate representative(s) shall be designated and made available for deposition as set forth in ¶¶ 2-3, *supra*. However, there shall be no deposition testimony as to matters of any insurance coverage or substantive policy liabilities of Hartford as insurer under these policies by this witness or witnesses.

IT IS SO ORDERED.


Dated: September 26, 2014            s/R. Steven Whalen
                                     R. STEVEN WHALEN
                                     UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on September 26, 2014, electronically and/or by U.S. Mail.

                                     s/Carolyn Ciesla
                                     Case Manager for the
                                     Honorable R. Steven Whalen