UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW SMITH, ET AL.,

        Plaintiffs,         CASE NO: 10-11490
                                    HONORABLE VICTORIA A. ROBERTS

v.

COMPUTERTRAINING.COM, INC.,
ET AL.,

        Defendants.
_____/

## ORDER UPHOLDING MAGISTRATE JUDGE'S ORDER
## AND DENYING MOTION TO STAY

This matter is before the Court on objections by garnishee defendant, Hartford Casualty Insurance Company ("Hartford") to the September 26, 2014 Opinion and Order by Magistrate Judge R. Steven Whalen (Doc. #212). That Order directed Hartford to produce certain documents, provide a privilege log, and comply with a specified procedure for discovery. This Court **UPHOLDS** Magistrate Judge Whalen's September 26th Order. Hartford's Motion to Stay September 26, 2014 Order of Magistrate (Doc. #213) is **DENIED**.

Hartford objects on the following grounds: (1) the subpoena is vague and overbroad; (2) the subpoena requests are irrelevant; (3) underwriting files are not discoverable; (4) reserves information is not discoverable; (5) reinsurance documents are not discoverable; (6) documents other than the liability insurance policies are not

1

discoverable; (7) the privilege log requirements are overly broad; (8) no rule requires certified or sworn copies of policies; (9) order to designate a corporate representative to testify in response to a subpoena that does not seek deposition testimony is error; (10) no rule requires a party to create an affidavit; and (11) the subpoena is procedurally deficient on several grounds.  Hartford also says it is unclear whether this Court has subject matter jurisdiction over the garnishment action.

      A district court may designate a magistrate judge to hear and determine a pretrial non-dispositive matter under 28 U.S.C. §636(b)(1)(A).  A district court may reconsider the matter if it is shown to be "clearly erroneous or contrary to law."  *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); see *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992).  The district court is not entitled to reverse the finding simply because it would have decided the matter differently.  *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985).  If two permissible views of the evidence exist, the factfinder's decision between them cannot be "clearly erroneous."  *Id.* at 74.

      Hartford says it is unclear whether this Court has subject matter jurisdiction.  This issue was not raised in the motions considered by Magistrate Judge Whalen.  In the motion before this Court, neither party briefed whether there is diversity jurisdiction over the garnishment action.  Plaintiffs, who bear the burden to establish federal jurisdiction, did not respond to Hartford's suggestion that jurisdiction may be lacking.

      The Court finds that it had diversity jurisdiction over the underlying case under 28

U.S.C. §1332(d) and is satisfied it has jurisdiction over this garnishment action under 28 U.S.C. §1367.

Subject-matter jurisdiction may be raised at any time, by any party, or by the court itself. *Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 630 (6th Cir. 1992). A district court must have jurisdiction over the primary lawsuit before it may assert jurisdiction over ancillary claims. *Peacock v. Thomas*, 516 U.S. 349, 355 (1996) (no jurisdiction over an attempt to collect judgment by piercing the corporate veil when there is a lack of factual nexus between the two actions and the subsequent lawsuit includes new theories of liability). Ancillary jurisdiction may be exercised "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 354. Ancillary jurisdiction is a common law doctrine largely codified in 28 U.S.C. §1367. *Id.* at 354 n.5.

The Supreme Court's discussion in *Peacock* includes garnishment within the scope of a court's enforcement power:

> Without jurisdiction to enforce a judgment entered by a federal court, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." In defining that power, we have approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments - including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances.

*Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 357 (6th Cir. 2002) quoting *Peacock v. Thomas*, 516 U.S. at 356. (citation omitted).

In support of its contention that jurisdiction might be lacking, Hartford provides

two cases: *Siding & Insulation Co. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 374 (6th Cir. 2014) and *Hudson v. Coleman*, 347 F.3d 138, 143 (6th Cir. 2003). *Siding* involved an insurance coverage dispute that arose following a class action. The company, Beachwood, faced millions of dollars in potential statutory damages. *Siding*, 754 F.3d at 368. Beachwood and its insurer, Acuity Mutual Insurance Co., ("Acuity"), settled with the class representative for four million dollars. *Id.* The Settlement stipulated that a separate action would resolve a two million dollar coverage dispute between Breachwood and Acuity. *Id.* Subsequently, the class representative ("Siding") brought a declaratory judgment action against Acuity under the insurance policy. *Id.* The district court granted Acuity's motion for summary judgment, denying coverage. *Id.* Siding appealed.

The Sixth Circuit found there was no diversity jurisdiction because the amount in controversy was insufficient. *Id.* at 369. Additionally, there was no supplemental jurisdiction because of substantive differences between the two disputes and because the final judgment of the class action suit extinguished the court's ability to hear claims asserting interdependent facts. *Id.* at 374, n.3. The insurance company's interest in the subject matter of the case depended on "future events," the success of the plaintiffs' declaratory judgment action and the determination of obligations under the insurance contract. *Id.* at 374. Since there was no allegation the settlement agreement had been violated, the Sixth Circuit determined that it was not an enforcement action. *Id.* at 374.

Unlike *Siding*, this is an enforcement action. Hartford's liability is not contingent on the success of future events. If Hartford is liable, its liability arose at the time of the judgment. Accordingly, it was appropriate for Magistrate Judge Whalen to order the

4

disclosure of relevant insurance information at this stage of discovery.

The second case Hartford relies upon is *Hudson v. Coleman*, 347 F.3d at 143. In *Hudson*, the plaintiff filed writs of garnishment against the city to collect upon a consent judgment against two police officers. *Id*. at 139. The Sixth Circuit found no rationale for exercising jurisdiction over plaintiff's state law indemnity claim against the city. *Id*. at 143. The court reasoned that the claim was asserted after the city was dismissed from the case and after individual defendants had settled. *Id*. Additionally, there were no "factually intertwined issues" and neither the convenience of the litigants nor judicial economy justified jurisdiction. *Id*. The garnishment claim sought liability on the basis of an indemnity agreement between the officers and the city; a legal theory entirely independent from the original action. *Id*.

*Hudson* acknowledged garnishment actions sometimes fall within ancillary jurisdiction. *Id*. at 144. The Sixth Circuit has not fully clarified jurisdiction over garnishment actions, but decisions from the Third Circuit are instructive and indicate merely disputing liability is insufficient to divest the court of jurisdiction. *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC.*, 438 F.3d 298, 315 (3rd Cir. 2006) (jurisdiction exists in garnishment proceeding to pay an existing judgment on a party alleged in good faith to be secondarily liable). The Third Circuit reasoned that if it were otherwise, "there could *never* be jurisdiction over any garnishment action, as it would always be based on a new, contractual theory of liability." *Id*. at 312.

The Court concludes this is an enforcement action of a federal judgment. As the Third Circuit noted, "Rule 69 does not contemplate that the holders of federal judgments must resort to State tribunals for their enforcement." *Id.* at 310.

5

The rest of Hartford's objections are without merit. Magistrate Judge Whalen considered the parties' arguments and determined that the information sought by Plaintiffs is relevant and discoverable. This Court finds his Order is not clearly erroneous or contrary to law.

The Court **UPHOLDS** Magistrate Judge Whalen's Order. Hartford's Motion to Stay September 26, 2014 Order of Magistrate (Doc. #213) is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 29, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 29, 2014.

s/Linda Vertriest
Deputy Clerk